U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 2 0 2006

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA

versus

KEETCHIA RAMBO THEUS

CRIMINAL NO. 06-50135-14
JUDGE S. MAURICE HICKS, JR.

## MEMORANDUM ORDER

Before the court is a motion in limine filed by Keetchia Rambo Theus ("Theus"). See Record Document 255. For the reasons set forth below, Theus' motion is **DENIED**.

In this motion, Theus asks the court to exclude evidence of six insurance claims she made in a one year period, the first on March 22, 2000 and the last on February 24, 2001. Theus argues that she is charged with only one count of mail fraud and one count of conspiracy, for a completely unrelated insurance claim, and that this evidence is therefore irrelevant under Rule 402 of the Federal Rules of Evidence. Alternatively, she claims that even if the evidence is relevant, the danger of unfair prejudice outweighs its probative worth, and the evidence should therefore be excluded under Rules 303 and 404(b) of the Federal Rules of Evidence. Theus also argues that if the court does allow the evidence, the government should first be required to prove the alleged claims were fraudulent.

The government argues that two of these acts were committed pursuant to the conspiracy with which Theus is charged, and evidence of such acts is therefore not

extrinsic evidence for purposes of 404(b). See United States v. Garcia Abrego, 141 F.3d 142, 175 (5th Cir. 1998). The government asserts that these acts are direct evidence of the conspiracy because they were committed during the conspiratorial period. Next, the government claims that the other four insurance claims will be offered as investigation background information and should be admissible to explain the actions of investigators. See United States v. Carrillo, 20 F.3d 617, 620 (5th Cir. 1994); see also United States v. Parker, 133 F.3d 322, 325 (5th Cir. 1998); see also United States v. Regan, 103 F.3d 1072, 1082-83 (2d Cir. 1996). The government states that it intends to reference these claims in a limited fashion to explain how the investigation began, how evidence was gathered, and why the defendants were targeted.

The court finds that the six prior insurance claims made by Theus are admissible for the purposes the government outlines in its response and the attached exhibits. See Record Document 268. If the government intends to introduce the evidence for any other purpose during trial, the parties may address the issue in a sidebar with the court. Therefore;

**IT IS ORDERED** that Theus' motion in limine (Record Document 255) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this _20th_ day of December, 2006.

_/s/ Maurice Hicks/_
**S. MAURICE HICKS, JR.**
**UNITED STATES DISTRICT JUDGE**